UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Case No. 5:23-CR-6 |
| ANDRES GONZALEZ-VICENCIO | ) |
| | ) |

### UNITED STATES' SENTENCING MEMORADUM

Andres Gonzalez-Vicencio ("Vicencio") is scheduled to be sentenced by this Court on June 20, 2025 for his role in distributing methamphetamine and cocaine in the Winchester, Virginia area. The United States Sentencing Guidelines in this case call for a range of 78 to 97 months. PSR ¶ 65. Vicencio's conduct is serious, but he held a lesser role than his co-conspirators. Accordingly, absent other reasons for a departure, the Government's recommendation is for a sentence at the low end of the Guidelines, or 78 months. Such a sentence would be appropriate and sufficient, but not greater than necessary, to accomplish the statutory purposes of sentencing. 18 U.S.C. § 3553(a).

### FACTUAL BACKGROUND

The United States incorporates by reference the facts stated in the "Offense Conduct" section of the PSR. PSR, ¶¶5-23. In short, between January 10, 2023, and February 17, 2023, law enforcement conducted five controlled purchases of methamphetamine from Vicencio. PSR ¶ 7. On February 21, 2023, law enforcement conducted a controlled purchase of one pound of methamphetamine, leading to the arrest of Vicencio, and co-conspirators Ivan Ruiz and Hector Espinosa. PSR ¶ 8.

## DETERMINING THE SENTENCE TO BE IMPOSED

Under 18 U.S.C. § 3553(a)(2), the district court must impose a sentence "sufficient, but not greater than necessary, to comply" with the four purposes of sentencing—just punishment, adequate deterrence, protection of the public, and rehabilitation through training or treatment. 18 U.S.C. § 3553(a)(2). To achieve that purpose, the district court must weigh the seven factors listed in § 3553(a)(1) through (a)(7). *Rita v. United States*, 551 U.S. 338, 347-48 (2007).

Although the Guidelines are "effectively advisory," *United States v. Booker*, 534 U.S. 220, 245 (2005), their advisory nature does not mean that they are irrelevant to the imposition of a sentence. See *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006). Indeed, the Supreme Court has recognized that the Guidelines "seek to embody the [18 U.S.C.] § 3553(a) considerations, both in principle and in practice" and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007). To that end, before imposing a sentence, the district court must "first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Then, the court must consider "what sentence is appropriate for the individual defendant in light of the four purposes of sentencing and the seven factors for achieving those purposes." *United States v. Raby*, 575 F.3d 376, 381 (4th Cir. 2009). Thus, a sentence outside the applicable guideline range is not presumptively unreasonable so long as "the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019). But, "the 'farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be.'" *United States v. Swain*, 49 F.4th 398, 403 (4th Cir. 2022) (quoting *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006)).

## ANALYSIS

### A. The PSR Correctly Calculated the Adjusted Offense Level

On February 21, 2024, Vicencio entered a plea of guilty to Counts One and Eight of the Indictment charging him with conspiracy to distribute methamphetamine and cocaine and distribution of methamphetamine. ECF No. 91. Vicencio has a base offense level of 32, based on more than 3,000 kilograms of converted drug weight. PSR ¶ 30. Vicencio is properly assessed a two-level reduction for meeting the criteria of the "safety-valve." PSR ¶ 31. After a three-level reduction for acceptance of responsibility Vicencio has a total offense level of 27. PSR ¶ 39. Vicencio has one attributable prior conviction, a misdemeanor violation of illegal entry into the United States, resulting in a Criminal History Category of II. PSR ¶¶ 45 and 47. Accordingly, Vicencio's Guidelines range is a term of imprisonment of 78 to 97 months. PSR ¶ 65.

### B. The Factors in 18 U.S.C. § 3553(a) Warrant a sentence at the low-end of the Guidelines
#### i. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).

Vicencio was involved in distributing dangerous narcotics in the Winchester, Virginia area. His conduct was serious and, by all accounts, driven by a desire for profit. Vicencio sold narcotics on multiple occasions, establishing that this was not an isolated event.

Despite the seriousness of the offense, several factors support a sentence at the low-end of the Guidelines range. The evidence is only that Vicencio was involved in this conduct for several months. There is no evidence that Vicencio sold to a wider network of individuals. Vicencio relied up co-defendant Ivan Ruiz to find a source of supply for the narcotics he was

3

selling. For methamphetamine, this was co-defendant Hector Espinosa. Accordingly, Vicencio's role was as a sub-distributor of narcotics. Compared to his co-defendants, Vicencio is less culpable in the conspiracy. Further, Vicencio took advantage of the safety-valve provision and timely reported his own conduct. Vicencio has a limited criminal history, which only includes a misdemeanor illegal entry conviction.

In light of the foregoing, the 3553(a) factor relating to the nature and circumstance of the offense and history and characteristics of the defendant warrants a sentence of incarceration at the low-end of the Guidelines range.

  **ii. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Protect the Public, Provide Just Punishment, and Provide Adequate Deterrence**

The need for the sentence imposed to reflect the seriousness of the offense, promote respect for law, provide just punishment, afford adequate deterrence, and protect the public supports a sentence within the range recommended by the government. *See* 18 U.S.C. § 3553(a)(2). Here, a sentence within the Guidelines range imposes a significant penalty in this case and would provide for just punishment, adequate deterrence to the defendant and others, and would promote respect for the law.

  **iii. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

Vicencio's co-defendants have yet to be sentenced. However, Vicencio's role was less than that of Ruiz or Espinosa. Vicencio's sentence should reflect that difference. Further, a sentence within the Guidelines range would not create unwarranted disparities with similarly situated defendants.

  **iv.**  **Pertinent Policy Statement**

All relevant policy statements are cited in this memorandum where appropriate.

  **A. Sentencing Exhibits and Testimony**

The United States does not intend to present any evidence at the sentencing hearing unless it is required to do so to rebut any arguments or evidence raised by the defendant.

## CONCLUSION

Based on the above, absent other applicable departures, the Government respectfully requests that the Court sentence Andres Gonzalez-Vicencio to the low end of his applicable Guidelines range.

            Respectfully submitted,

            ZACHARY T. LEE
            Acting United States Attorney

            s/Sean M. Welsh
            Sean M. Welsh, VSB No. 89660
            Assistant United States Attorney
            United States Attorney's Office
            255 West Main Street, Room 130
            Charlottesville, VA 22902
            Tel: 434.293.4283
            Sean.Welsh@usdoj.gov

## C E R T I F I C A T E

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 13th day of June, 2025.

            s/Sean M. Welsh
            Sean M. Welsh